IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANICE APPLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-3039-D |
| | § | |
| HOME DEPOT U.S.A., INC. d/b/a et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed slip-and-fall action, plaintiff Janice Apple ("Apple"), a Texas citizen, moves to remand on the ground that complete diversity is lacking because one of the defendants, Robert Heard ("Heard"), is also a Texas citizen. Defendant Home Depot U.S.A., Inc. ("Home Depot"), the removing defendant, maintains that Heard, a store manager, has been improperly joined. Concluding that Home Depot has failed to meet its heavy burden to establish improper joinder, the court grants Apple's motion and remands this case to county court.

I

In 2024 Apple, then age 90, tripped on an anchor bolt protruding from the sidewalk located under the overhang at a Home Depot store located in Richardson, Texas, suffering a fractured femur and hip, forearm and scalp lacerations, and a head injury.[1] Apple sued

---

[1] Because Apple's motion to remand is decided under the Fed. R. Civ. P. 12(b)(6) pleading standard, the court recounts the facts favorably to Apple, "accept[ing] all well-

Home Depot and Heard in Dallas County court, alleging premises liability and negligence *per se* claims against both defendants. Home Depot is a citizen of Delaware and Georgia. Apple and Heard are both Texas citizens. On the date of the incident, Heard allegedly was the manager of the Home Depot store.

Home Depot removed the case to this court based on diversity of citizenship, contending that Heard had been improperly joined. Following removal, and without leave of court, Apple filed an amended complaint. Like the county-court petition, the amended complaint asserts claims against Home Depot and Heard for premises liability and negligence *per se*.

Apple now moves to remand on the ground that Heard was properly joined and that the parties are not completely diverse. Home Depot opposes the motion. The court is deciding the motion on the briefs, without oral argument.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C.

---

pleaded facts as true" and "viewing them in the light most favorable to [Apple]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

§ 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood*, 385 F.3d at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998)). The removal statute therefore is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action

against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue here—the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (emphasis omitted) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"). To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes and citations omitted).

When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This

standard requires that the plaintiff plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III

Apple maintains that her amended complaint pleads viable premises liability and negligence *per se* claims against Heard under Texas law; that "Texas courts and federal courts applying Texas law recognize individual liability for employees like Heard when the employee's personal involvement directly contributes to the dangerous condition that caused the plaintiff's injuries," P. Br. (ECF No. 10) at 11; and that she has plausibly alleged that Heard was directly involved in the presence of the protruding anchor bolt on the sidewalk.

Home Depot objects to Apple's filing her amended complaint without leave of court and maintains that Heard has been improperly joined. Home Depot also contends that, even if the amended complaint was properly filed, the improper joinder question is determined by reference to the county-court petition, which was the operative pleading at the time of removal. Home Depot also posits that the county-court petition does not plausibly allege that Heard's personal involvement directly contributed to the presence of the protruding anchor bolt on the sidewalk. Home Depot appears to maintain in the alternative that the court should pierce the pleadings to consider Heard's unsworn testimony that the protruding anchor bolt was already installed when he began working at the Richardson Home Depot.

Apple replies that, under Rule 15(a)(1), leave of court was not required to file an amended complaint; that jurisdiction may be determined by reference to the amended complaint when, as here, it "merely clarifies and amplifies claims already asserted [in the operative county-court petition at the time of removal]," P. Reply (ECF No 16) at 2; and, in the alternative, that even if the court considers only her county-court petition, Home Depot has not carried its heavy burden to show that there is no possibility that she can recover against Heard.

## IV

The court considers first whether Apple's amended complaint, filed after this case was removed, is properly considered.

### A

Even if the court assumes *arguendo* that leave of court was needed to file the amended complaint, the court grants such leave. The court construes Apple's filing of the amended complaint and her inclusion of arguments based on its contents in her briefing of the instant motion to remand as an implied motion for leave to amend. *See Ganther v. Ingle*, 75 F.3d 207, 211-12 (5th Cir. 1996) (per curiam) ("The district court should have construed Ganther's response to the motion for summary judgment as a motion to amend his complaint and granted it."); *EEOC v. Serv. Temps, Inc.*, 2010 WL 1644909, at *4 (N.D. Tex. Apr. 22, 2010) (Fitzwater, C.J.) ("In some cases, when a party raises a claim or defense in a motion that exceeds the scope of its pleadings, the court may treat the new filing as a motion to amend the pleadings to add the unpleaded claim or defense."); *Jacuzzi, Inc. v. Franklin Elec.*

*Co.*, 2008 WL 2185209, at *4 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.) (construing second amended complaint as implied motion for leave to amend).

And the court, in its discretion, concludes that it should grant Apple's motion and permit her to file the amended complaint. "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)). And Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."

In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Home Depot has not identified any factors that weigh against granting Apple leave to amend. Nor can the court discern any. To the contrary, Apple's requested amendment appears to be critical to determining whether the court has subject matter jurisdiction and Apple can continue to pursue this case in county court.

Accordingly, the court grants Apple's implied motion to amend under the liberal Rule 15(a)(2) standard and will consider her amended complaint to the extent it clarifies causes of action already alleged in her county-court petition.

B

The court can consider the amended complaint in deciding whether Heard was

-7-

improperly joined. Although subject matter jurisdiction is generally determined by reference to the operative state-court pleading at the time of removal, the court may consider Apple's amended complaint to the extent it clarifies causes of action already alleged in her county-court petition. This rule stems from a corollary rule in this circuit that a federal district court must apply the federal pleading standard when deciding whether a defendant has been improperly joined. *See Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303-04 (5th Cir. 2024) (permitting plaintiffs to "'clarify' their already averred jurisdictional allegations after removal for purposes of an improper joinder analysis" because "a plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought").

The court therefore concludes that Apple's amended complaint, filed after this case was removed, is properly considered.

V

Home Depot appears to request that the court pierce the pleadings to consider Heard's unsworn testimony.

As explained above, a district court may, in its discretion, pierce the pleadings and conduct a summary inquiry when deciding whether a defendant has been improperly joined. *See Smallwood*, 385 F.3d at 573. But "[this] power is limited . . . [and] 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude [the] plaintiff's recovery against the in-state defendant.'" *Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023) (third alteration in original) (citation omitted) (quoting *Smallwood*, 385 F.3d at 573-

74). Discrete and undisputed facts are "facts that could be easily disproved if not true." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220-21 (5th Cir. 2018).[2]

    Home Depot appears to request that the court pierce the pleadings to consider Heard's unsworn testimony that he had no involvement in the installation of the protruding anchor bolt. But even assuming *arguendo* that Heard's involvement *vel non* in the *installation* of the anchor bolt is a "discrete and undisputed fact," it is not a fact for which piercing the pleadings is appropriate. This is so because it would not "preclude [the] plaintiff's recovery against the in-state defendant." *Jack*, 79 F.4th at 555. Heard's potential liability under Texas law turns on whether he directly *contributed* to the alleged dangerous condition, which he could have done without participating in the bolt's *installation*. For example, Apple alleges that Heard participated in a decision to expose the protruding anchor bolt by removing items that had previously obstructed it. *See* Am. Compl. ¶ 8.

---

[2]*Smallwood* identified the prototypical cases: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, [or] a party's residence was not as alleged[.]" *Smallwood*, 385 F.3d at 574 n.12 (citing *Irby*, 326 F.3d at 648-49). Other examples include whether a technician performed a repair, the date of a recall, the date of a warning letter, and what information on a certain topic was received by purchasers of a certain vehicle. *See Moran v. Am. Honda Motor Co.*, 2020 WL 5540074, at *4 (W.D. La. July 20, 2020) (piercing the pleadings to interrogate whether the defendant's technician performed the repair complained of), *rec. adopted*, 2020 WL 5535617 (W.D. La. Sept. 14, 2020); *Garcia v. Ford Motor Co.*, 2013 WL 12137090, at *7 (S.D. Tex. May 10, 2013) (declining to pierce the pleadings where the removing defendant did not "identify any factual issue for pleading piercing more discrete than the in-state dealer's 'actual knowledge' for summary inquiry"); *Rubin v. Daimlerchrysler Corp.*, 2005 WL 1214605, at *5, *7 (S.D. Tex. May 20, 2005) (piercing the pleadings and permitting jurisdictional discovery on three discrete factual issues—"the date of the . . . recall; the date of the warning letter; and any information the in-state defendants had received about an 'inadvertent reverse' risk in the 1999 Jeep").

Accordingly, the court declines to exercise its discretion to pierce the allegations of the amended complaint.

VI

Having decided that the amended complaint can be considered to clarify causes of action already alleged in Apple's county-court petition and that the pleadings should not be pierced, the court turns to the merits of Apple's motion to remand, which turns on whether Apple has plausibly pleaded that Heard, alleged to be the store manager, owed her a duty of care independently of the duty owed by Home Depot.

A

Apple asserts a premises liability claim against Heard under Texas state law on an individual-liability theory.[3] To state a claim against an employee joined in a premises liability action against his employer, a plaintiff must plausibly allege that: (1) the employee owed the plaintiff an independent duty of reasonable care apart from his employer's duty; (2) the employee breached that duty; and (3) the employee's breach proximately caused the plaintiff's damages. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). Home Depot disputes only the first element.

---

[3]Apple also asserts a common-law negligence claim against Heard on the theory that he was negligent *per se*. The court need not address this claim, however, because the court concludes that Apple has plausibly pleaded a premises liability claim against Heard.

B

Whether Heard owed Apple a duty of care is a question of law. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). Under Texas law, an employee owes an independent duty to warn of, or take precautions against, a dangerous condition that he played a personal role in creating. *See Buchanan v. Rose*, 138 Tex. 390, 391-92 (1942); *see also, e.g.*, *Bowens v. Sweeping Corp. of Am., LLC*, 2024 WL 3278969, at *11 (N.D. Tex. July 2, 2024) (Lindsay, J.); *Lopez-Monroy v. Wal-Mart Stores Tex., LLC*, 2019 WL 3302615, at *4 (S.D. Tex. July 23, 2019) (collecting cases), *rec. adopted*, 2019 WL 3753702 (S.D. Tex. Aug. 8, 2019).

In support of her premises liability claim against Heard, Apple alleges the following.

> Defendant Robert Heard, during his employment as the manager on-site at the Home Depot location at the time of the injury, had personal involvement in creating the dangerous condition. Heard directed others and/or participated in making the area with anchor bolt a hazardous walkway. The area where the anchor bolt was located is generally intended to be obstructed with display items and/or carts, which the bolt is typically used to secure. When the area is fully obstructed with such items, the anchor bolt would pose less risk as patrons would not walk through that space. However, Defendant Heard directed, participated in and/or approved a decision to remove all items and leave the area unobstructed, allowing patrons to walk freely over the bolt. By doing so, he knowingly created a condition that posed an unreasonable and hidden risk of harm to invitees like Plaintiff. On the day of the incident, Defendant Heard was aware of the forecasted rain, which increased pedestrian traffic under the covered sidewalk where the anchor bolt was located. Despite this, Defendant Heard failed to close off the area, restrict access, or place warning signs alerting patrons to the danger. Upon information and belief, Defendant Heard was the acting manager on the premises at the time of the injury and/or

>immediately leading up to the injury and exercised direct control over the displays and walkway configuration. His decisions and omissions regarding the use of the area and the absence of adequate warnings directly contributed to Plaintiff's injuries. While Defendant Heard's role as manager inherently involved oversight of the premises, his specific actions in directing, approving, and participating in decisions regarding the anchor bolt area, and his failure to act on known risks, establish independent duties owed to invitees under Texas law.

Am. Compl. ¶ 8. The court can consider these allegations because they merely clarify Apple's premises liability claim against Heard, which was already alleged in her county-court petition.

From these facts the court can reasonably infer that Heard played a personal role in causing the allegedly dangerous condition. According to the amended complaint, Heard directly participated in exposing the anchor bolt by directing, participating in, and/or approving a decision to remove all items and leave the area unobstructed, allowing patrons to walk freely over the bolt. And he knew of the forecasted rain that would increase pedestrian traffic in that anchor bolt's vicinity. Thus Apple has plausibly alleged that Heard owed her a duty of care independently of Home Depot. *See, e.g.*, *Bowens*, 2024 WL 3278969 at *13 (granting motion to remand on basis that plaintiff plausibly alleged that in-state employee-defendant owed duty independent of employer-defendant under Texas law where plaintiff alleged "more involvement in creating the dangerous condition at issue than being, for example, a store manager who is generally responsible for the safety of those on the employer's premises," such as ignoring advice that employee under his supervision was incompetent to operate street sweeping vehicle that caused plaintiff's injuries); *Lopez-*

*Monroy*, 2019 WL 3302615 at *5 (same where employee allegedly parked forklift in a manner that caused plaintiff to trip and fall).

Accordingly, because Home Depot has failed to show that Apple's amended complaint does not plead a plausible premises liability claim against Heard, individually, Home Depot has not met its heavy burden to show that there is no possibility that Apple can recover against Heard, and, in turn, to demonstrate that Heard was improperly joined.

\* \* \*

For the reasons explained, the court grants Apple's January 3, 2025 motion to remand. The court concludes that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), it remands this case to the County Court at Law No. 5 of Dallas County, Texas. The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

February 5, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE